**In re: The BANK OF NEW YORK MELLON SECURITIES LENDING LITIGATION.**

**MDL No. 2155.**

United States Judicial Panel on Multidistrict Litigation.

June 7, 2010.

Before JOHN G. HEYBURN II, Chairman, ROBERT L. MILLER, Jr., KATHRYN H. VRATIL, DAVID R. HANSEN, W. ROYAL FURGESON, Jr., FRANK C. DAMRELL, Jr. and BARBARA S. JONES, Judges of the Panel.

**ORDER DENYING TRANSFER**

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel:** Defendants [1] have moved, pursuant to 28 U.S.C. § 1407, to centralize this litigation in the Southern District of New York. This litigation currently consists of four actions pending respectively in the following districts: the Central District of California, the Southern District of New York, the Eastern District of Oklahoma, and the Western District of Washington, as listed on Schedule A.

Plaintiffs in all actions oppose centralization. Plaintiffs in the Eastern District of Oklahoma [2] and Western District of Washington actions alternatively support centralization in the Eastern District of Oklahoma, while plaintiff in the Central District of California action supports cen-

---

1. The Bank of New York Mellon; BNY Mellon Asset Servicing, B.V. (BNYMAS); and BNY Mellon, N.A. (collectively BNYM).

2. Plaintiff in the Eastern District of Oklahoma action states that two putative class members, The University of Michigan and Washington

University in St. Louis, also oppose centralization and, if the Panel orders centralization in this docket, support selection of the Eastern District of Oklahoma as the transferee district.

tralization in either the Eastern District of Oklahoma or the Central District of California.

The actions may share some basic factual similarities. All the plaintiffs participated in BNYM's securities lending program and each allegedly lost money as a result of investments of their collateral in medium-term notes issued by Sigma Finance, Inc. (Sigma). Thus, at first blush, the cases might seem to benefit from centralization. However, the movants have failed to convince us that any common factual questions are sufficiently complex and/or numerous to justify Section 1407 transfer at this time.

Unique issues concerning each respective plaintiff's participation in BNYM's securities lending program appear likely to overwhelm any common factual issues. For instance, the Central District of California action involves individualized allegations that defendants breached two separate agreements with plaintiff. The Western District of Washington action contains distinct claims regarding plaintiffs' later efforts to terminate their participation in the securities lending program and extricate their investments from the funds in which they were invested. The recently-filed Southern District of New York action involves an international BNYM defendant—BNYMAS—that is not named in any of the other actions. The central bank of Colombia's presence as plaintiff in this action may touch upon unique legal issues and involve discovery sources not present in the other actions involving domestic investors. Finally, the Eastern District of Oklahoma action is about a year and a half old and relatively far advanced. Because it is the only class action in the litigation, there is no possibility of conflicting class certification decisions.

On the basis of the papers filed and hearing session held, we are not persuaded that Section 1407 centralization of these four actions would serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation at the present time. We encourage the parties to pursue alternatives to transfer that can minimize the potential for duplicative discovery and/or inconsistent pretrial rulings. *See, e.g., In re Eli Lilly and Co. (Cephalexin Monohydrate) Patent Litigation*, 446 F.Supp. 242, 244 (J.P.M.L.1978); *see also Manual for Complex Litigation, Fourth*, § 20.14 (2004).

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of the actions listed on Schedule A is denied.

## SCHEDULE A

MDL No. 2155 — **IN RE: BANK OF NEW YORK MELLON SECURITIES LENDING LITIGATION**

*Central District of California*

*Pacific Select Fund v. The Bank of New York Mellon, et al.*, C.A. No. 8:10–198

*Southern District of New York*

*Banco De La Republica De Colombia v. The Bank of New York Mellon, et al.*, C.A. No. 1:10–536

*Eastern District of Oklahoma*

*CompSource Oklahoma v. BNY Mellon, N.A., et al.*, C.A. No. 6:08–469

*Western District of Washington*

*Regence Blueshield, et al. v. BNY Mellon Bank, N.A.*, C.A. No. 2:09–618